# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DWIGHT L. ALLEN, | ) |
| Plaintiff, | ) ) ) |
| -vs- | ) ) ) Case No. CIV-19-0958-F |
| THE CHICKASAW INDIAN NATION, THE UNITED STATES OF AMERICA, and THE STATE OF OKLAHOMA, | ) ) ) ) ) |
| Defendants. | ) ) |

## ORDER

This action is brought by plaintiff Dwight L. Allen, a prisoner who appears *pro se*. Plaintiff's pleadings are liberally construed.

Magistrate Judge Shon T. Erwin issued a Report and Recommendation on October 30, 2019. Doc. no. 5. The Report describes the complaint as alleging constitutional claims under 42 U.S.C. § 1983. It recommends that the court, on initial screening, dismiss the action without prejudice. Doc. no. 5.[1] The Report also notes that if the court dismisses this action, there will be no need to address payment of a filing fee as that issue will be moot.

---

[1] The Report cites 28 U.S.C. § 1915(e)(2)(B). Doc. no. 5, p. 1 of 3. That statute requires courts, on initial screening, to dismiss an action brought by a prisoner if one or more of the grounds stated in the statute apply. The Report does not specify which statutory ground the magistrate judge found supports dismissal. The undersigned finds that the complaint fails to state a claim upon which relief may be granted and should therefore be dismissed, on initial screening, under § 1915(e)(2)(B)(ii).

Plaintiff makes two objections to the Report. Doc. no. 7. The objected to matters have been reviewed *de novo*.

Plaintiff argues, first, that Flute v. United States, 808 F.3d 1234, 1245 (10th Cir. 2015), does not apply to him. Flute is cited in the Report for the proposition that "an Indian plaintiff asserting the existence of a trust and the breach of corresponding fiduciary obligations must first identify a substantive source of law that establishes that specific fiduciary duty." Doc. no. 5, p. 2 of 3, quoting Flute. Plaintiff argues that he is not an Indian or a citizen of an Indian Nation as the Report appears to indicate. He argues that he is, instead, the descendant of persons who were once held as slaves by the Chickasaw Indian Nation. For that reason, plaintiff argues that the principle stated in Flute does not apply to him or his claims.

The court agrees with plaintiff that the Report misidentifies plaintiff as a person of Chickasaw descent.[2] The complaint never alleges that plaintiff is a member of the Chickasaw Indian Nation or that plaintiff is of Chickasaw descent. What the complaint *does* allege, is that plaintiff is a descendent of grandparents *who were enslaved by* the Chickasaw Indian Nation.[3]

This error in the Report does not, however, mean that the principle set out in Flute does not obtain in the circumstances of this action. The complaint alleges that plaintiff is a descendent of freedmen (ex-slaves) of the Chickasaw Indian

---

[2] The Report refers to a purported (but non-existent) allegation that Mr. Allen "is a direct descendent of two Chickasaw Indian slaves." Doc. no. 5, p. 2 of 3. The Report also states that "Plaintiff is alleging the breach of a fiduciary duty owed to him as a Chickasaw…." *Id*. at pp. 2-3 of 5.

[3] The complaint alleges that plaintiff is "a descendant of grandparents who were unlawfully enslaved by the Chickasaw Indian Nation" who, after they were freed, "were denied money and land promised them by the federal government via treaty with the Chickasaw Indian Nation." Doc. no. 1, p. 1 of 5.

Nation. As such, plaintiff seeks accountability (specifically, money and land) which he claims should have been paid to his ancestors (former slaves of the Chickasaw Indian Nation) in accordance with unspecified treaty obligations of the United States government.[4]

In Harvest Institute Freedman Federation v. United States, 80 Fed. Cl. 197 (Ct. Cl. 2008), the court of claims found that plaintiffs who enjoyed a status like that of plaintiff's alleged status here, as descendants of ex-slaves of various Indian Nations, failed to state a claim because they had not "invoke[d] a rights[-]creating source of substantive law that can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained." *Id*. at 200, quoting United States v. Mitchell, 463 U.S. 206, 216-17 (1983). Harvest Institute stated that "A claimant invoking the court's jurisdiction on the basis that the United States breached its trust must identify a statute, treaty, or regulation that imposes a fiduciary duty on the United States." 80 Fed. Cl. at 200, citing United States v. Mitchell, 445 U.S. 535, 542-43 (1980). Harvest Institute held, among other things, that "[t]he 1866 treaties did not create a governmental obligation and we cannot infer one in the absence of specific language in the treaties." 80 Fed. Cl. at 201.

Thus, despite the Report's incorrect description of plaintiff as a Chickasaw, the principle applied in the Report applies: to state a claim for relief, the complaint must allege the substantive source of law that entitles plaintiff to relief under a treaty with the United States. The complaint seeks relief based on an unspecified

---

[4] It is clear that the relief sought in the complaint is based on unspecified treaty obligations. The complaint is entitled "Breach of Treaty Obligations." Doc. no. 1, p. 1. The closing portion of the complaint asks the court to order the State of Oklahoma, the United States, and the Chickasaw leadership "to work together" to achieve "accountability" for "money and land" which the Chickasaw Indian Nation deprived the freedmen of, such money and land having been provided for "by the United States Federal Government via treaty/contract." *Id*., p. 4 of 5.

treaty obligation and fails to identify any specific source of substantive law for plaintiff's claim. The complaint is therefore subject to dismissal for failure to state a claim upon which relief may be granted. In these circumstances the dismissal should be without prejudice.

Plaintiff's second objection to the Report argues that even if he is required to identify the substantive sources of law for his claim, "there [are] plenty of treaties and good case law for the court to sort through to provide [him] with an opportunity to prove his case." Doc. no. 7, p. 2 of 3. Plaintiff then lists several treaties, none of which are referred to in the complaint. Plaintiff's objection presents no developed argument regarding which of the listed treaties provides support for this action. Moreover, plaintiff's suggestion that the court should sift through possible sources of law to determine which, if any, support plaintiff's claim, is a suggestion which misunderstands the role of the court. If the court were to do as plaintiff urges, it would be acting as an advocate rather than a neutral adjudicator.[5] Accordingly, plaintiff's second objection is rejected.

After *de novo* consideration of plaintiff's objections, the court finds that the Report incorrectly presumes that plaintiff is a member of the Chickasaw Indian Nation or a citizen of the Chickasaw Indian Nation or of Chickasaw descent. That inaccuracy in the Report, while noted, does not change the court's conclusion that the Report's ultimate recommendation—that the complaint should be dismissed without prejudice—is correct. Accordingly, the result recommended in the Report will be adopted and affirmed.

---

[5]As no sources of law are identified in the complaint, the court makes no findings as to whether there are any sources of law that could support plaintiff's claim. The court notes, however, the statement in Harvest Institute that "The Chickasaw and Choctaw Treaty did not vest property rights in their Freedmen and did not impose an obligation on the Government." 80 Fed. Cl. 197, 201 and n.4 (including citations to United States Supreme Court authority).

Plaintiff's objections are **GRANTED IN PART** and **DENIED IN PART**. Plaintiff's objections are **GRANTED** insofar as the court disagrees with the Report's premise that plaintiff alleges he is Chickasaw or of Chickasaw descent. In all other respects, plaintiff's objections to the Report are **DENIED**. The result recommended in the Report is **ADOPTED AND AFFIRMED**. Accordingly, on initial screening, the complaint is **DISMISSED** for failure to state a claim. The dismissal is without prejudice. The dismissal of this action makes a filing fee unnecessary.

IT IS SO ORDERED this 4th day of December, 2019.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

19-0958p001.docx